**14 CV 742**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Daniel L. Brown
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 634-3095
Facsimile: (212) 655-1768
dbrown@sheppardmullin.com

*Attorneys for Plaintiff King Fook Jewellery Group Ltd.*



RECEIVED FEB 05 2014 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING FOOK JEWELLERY GROUP LTD.<br><br>Plaintiff,<br><br>-against-<br><br>JACOB & COMPANY WATCHES INC.<br><br>Defendant. | Case No.<br><br>ECF CASE<br><br>**COMPLAINT** |

Plaintiff King Fook Jewellery Group Ltd. ("Plaintiff"), by and through its attorneys, Sheppard, Mullin, Richter & Hampton LLP, files this complaint against defendant Jacob & Company Watches Inc. ("Defendant"), as follows.

**I.**

**PRELIMINARY STATEMENT**

1.      Plaintiff, a well-respected retailer of jewelry in Hong Kong, brings this action against Defendant, a manufacturer and designer of jewelry, because Defendant has ignored its obligations under the parties' retail distribution contract. Specifically, Defendant has breached its agreement to repurchase, upon a termination of the parties' agreement, all unsold products in Plaintiff's inventory at the amount that Plaintiff originally paid for the products less a restocking fee of ten percent.

## II.

## THE PARTIES

2. Plaintiff King Fook Jewellery Group Ltd. ("Plaintiff") is a Hong Kong limited company, previously known as King Fook Goldsmiths. Its business operations started in 1949. The company motto has always been and remains, "Integrity, Diligence and Professionalism."

3. Defendant Jacob & Company Watches Inc. ("Defendant") is a New York corporation, with a principal place of business at 48 East 57th Street, New York, New York 10022. Plaintiff is a manufacturer and the exclusive owner of the JACOB & CO AND J & Co. (stylized) trademarks in connection with watches and various other products.

## III.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because Defendant is a New York corporation, regularly conducts business in New York, and because Defendant agreed that the state or federal courts in New York shall have exclusive jurisdiction over any disputes relating to the parties' agreement at issue in this proceeding.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy is over $75,000.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because Defendant resides in this District and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this District.

## IV.

## **RELEVANT FACTS**

7. On or about April 1, 2008, Plaintiff and Defendant entered into an Exclusive Retailer Distribution Agreement (the "Agreement"), pursuant to which Plaintiff is referred to as the "Retailer" and Defendant is referred to as the "Manufacturer."

8. The Agreement provides that is shall be governed by and interpreted in accordance with the laws of the State of New York.

9. Pursuant to the Agreement, Plaintiff was appointed as the exclusive retailer for certain "Products" in the "Territory."

10. The "Products" are defined in the Agreement to include all watches and associated products manufactured and sold by Plaintiff and associated with the "JACOB" watches (excluding licensed products and the Valentine Yudaskin line).

11. The "Territory" is defined as the city of Hong Kong (not including Macau).

12. The term of the Agreement is for a period of five (5) years, commencing on the Effective Date of April 1, 2008 and terminating on March 31, 2013, unless earlier terminated pursuant to a specific termination provision in the Agreement, none of which occurred.

13. The Agreement provides that upon its expiration or termination, Defendant shall repurchase all unsold products in Plaintiff's inventory at the amount that Plaintiff originally paid for the Products less a restocking fee of ten percent (10%).

14. On April 24, 2012, Plaintiff and Defendant executed a letter amending certain terms of the Agreement (the "Amendment"). Pursuant to the Amendment, Plaintiff and

Defendant agreed, *inter alia*, that Defendant would not renew the Agreement upon its expiration on March 31, 2013.

15. By letter, dated March 25, 2013, Plaintiff wrote to Defendant stating, "As you know, the Agreement will terminate on March 31, 2013. Under clause 3 c) of the Agreement, Manufacturer is obliged to repurchase any unsold Products. We attach a statement of such items . . ."

16. The total dollar amount of the unsold Products that Plaintiff ("Retailer") informed Defendant ("Manufacturer") it was obligated to repurchase, less a restocking fee of ten percent (10%) is $3,905,509.41.

17. Thereafter, Defendant repeatedly acknowledged its obligation to repurchase Products from Plaintiff in the amount of $3,905,509.41 less a restocking fee of ten percent (10%).

18. Nonetheless, to date, Plaintiff has refused to fulfill its obligation to repurchase Products from Plaintiff in the amount of $3,905,509.41 less a restocking fee of ten percent (10%).

19. Accordingly, Plaintiff has been forced to file this Complaint for necessary and appropriate relief, including, but not limited to, $3,905,509.41 less a restocking fee of ten percent (10%) and the attorneys' fees that Plaintiff has and will incur seeking Defendant's compliance with its obligations under the parties' Agreement.

V.

## CAUSE OF ACTION

## BREACH OF CONTRACT / DUTY OF GOOD FAITH AND FAIR DEALING

20. Plaintiff repeats and incorporates the allegations in the preceding paragraphs.

21. The Agreement, as amended by the Amendment, is a binding and enforceable contract.

22. Plaintiff fully performed its obligations under the Agreement.

23. In addition, pursuant to the Agreement, Defendant has a duty to deal in good faith and fairly with Plaintiff.

24. Pursuant to the Agreement, upon its expiration, Defendant is obligated to repurchase Products from Plaintiff in the amount of $3,905,509.41 less a restocking fee of ten percent (10%).

25. Therefore, Defendant is obligated to pay Plaintiff $3,514,958.

26. However, Defendant has breached the Agreement by refusing to fulfill its obligation to repurchase Products from Plaintiff in the amount of $3,514,958.

27. The Agreement provides that in any litigation between the parties, the prevailing party shall be entitled to its reasonable attorneys' fees.

28. Plaintiff has been damaged by Defendant's breach of its duties and obligations under the Agreement in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in its favor and against Defendant, providing for the following relief:

a. Damages to be determined by the trier of fact, including, but not limited to, $3,514,958 plus Plaintiff's reasonable attorneys' fees.

b. Such further relief that this Court may deem appropriate and to which Plaintiff is justly entitled.

Dated:  February 4, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
Daniel L. Brown
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 634-3095
Facsimile: (212) 655-1768
dbrown@sheppardmullin.com

*Attorneys for Plaintiff King Fook Jewellery Group Ltd.*