MORRISON COHEN LLP
Y. David Scharf
David A. Piedra
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

*Attorneys for Defendant Jacob & Company Watches Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

KING FOOK JEWELLERY GROUP LTD.,

                  Plaintiff,

          -against-

JACOB & COMPANY WATCHES, INC.,

              Defendant.

-------------------------------------------------------------X

14 CV 742

**ANSWER**

        Defendant, JACOB AND CO. WATCHES, INC. (the "Defendant") by its attorneys Morrison Cohen LLP, as and for their Answer to the Plaintiff's Complaint, respectfully alleges:

        1.     Denies the allegations of paragraph 1 of the complaint, except admits that Plaintiff is a retailer of jewelry in Hong Kong.

        2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the complaint.

3.      Denies the allegations of paragraph 3 of the complaint, except admits Defendant is a New York corporation with a principal place of business at 48 East 57th Street, New York, New York  10022.

4.      Admits the allegations of paragraph 4 of the complaint.

5.      Admits the allegations of paragraph 5 of the complaint.

6.      Admits the allegations of paragraph 6 of the complaint.

7.      Generally admits the allegations of paragraph 7 of the complaint, except refers the Court to the Agreement for the full terms, conditions and limitations thereof.

8.      Generally denies the allegations of paragraph 8 of the complaint, except admits the execution of an Exclusive Retailer Distribution Agreement dated as of April 1, 2008 (the "Distribution Agreement"), and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

9.      Generally denies the allegations of paragraph 9 of the complaint, except admits the execution of a Distribution Agreement, and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

10.     Generally denies the allegations of paragraph 10 of the complaint, except admits the execution of a Distribution Agreement, and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

11.     Generally denies the allegations of paragraph 11 of the complaint, except admits the execution of a Distribution Agreement, and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

12.    Generally denies the allegations of paragraph 12 of the complaint, except admits the execution of a Distribution Agreement, and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

13.    Denies the allegations of paragraph 13 of the complaint, and avers that the Distribution Agreement provided for an option to repurchase, which provision was crossed out without authorized consent of Defendant.

14.    Generally denies the allegations of paragraph 14 of the complaint, except admits execution of a certain letter agreement dated April 24, 2012 and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

15.    Denies the allegations of paragraph 15 of the complaint.

16.    Denies the allegations of paragraph 16 of the complaint.

17.    Denies the allegations of paragraph 17 of the complaint.

18.    Denies the allegations of paragraph 18 of the complaint.

19.    Denies the allegations of paragraph 19 of the complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

20.    Defendant JACOB & COMPANY WATCHES, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "19" inclusive and with the same force as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "20".

21.    Denies the allegations of paragraph 21 of the complaint.

22.    Denies the allegations of paragraph 22 of the complaint.

23.    Denies the allegations of paragraph 23 of the complaint.

#4784274 v1 \022519 \0003

24.     Denies the allegations of paragraph 24 of the complaint.

25.     Denies the allegations of paragraph 25 of the complaint.

26.     Denies the allegations of paragraph 26 of the complaint.

27.     Generally denies the allegations of paragraph 27 of the complaint, except admits execution of a Distribution Agreement and respectfully refers the Court thereto for the full terms, conditions and limitations thereof.

28.     Denies the allegations of paragraph 28 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

29.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

30.     Defendant's performance under the Distribution Agreement is excused due to Plaintiff's antecedent breach of the Distribution Agreement and/or other prior wrongful conduct, including by failing to comply with Plaintiff's advertising and promotional obligations under the Distribution Agreement; failing to supply Defendant full and accurate sales and/or other reporting as required under the Distribution Agreement; failing to identify and implement additional retail sales locations as required under the Distribution Agreement; and/or failure to prepare and/or follow diligent and comprehensive marketing plans as required by the Distribution Agreement.

### THIRD AFFIRMATIVE DEFENSE

31.     Defendant's performance is excused due to Plaintiff's breach of the implied covenant of good faith and fair dealing inherent in the Distribution Agreement, including by Plaintiff's failure to make good faith, commercially reasonable efforts to sell the Defendant's

Products in the subject territory, such that Defendant was denied the bargained-for benefits of the Distribution Agreement.

### FOURTH AFFIRMATIVE DEFENSE

32.    Plaintiff's alleged damages were caused by its own acts or failures to act or other culpable conduct in diminution of damages, including the failure to properly operate, stock and/or staff Defendants' retail stores in a manner calculated to sell the products subject to the Distribution Agreement.

### FIFTH  AFFIRMATIVE DEFENSE

33.    Plaintiff has failed to take reasonable steps to mitigate its alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

34.    The products that Plaintiff has requested Defendant repurchase include products that were purchased by Plaintiff prior to the execution of the Distribution Agreement, and thus are not subject to or governed by the Distribution Agreement, including any repurchase obligation contained therein.

### SEVENTH  AFFIRMATIVE DEFENSE

35.    The damages claimed by Plaintiff are not fair or reasonable, and are grossly disproportionate to Plaintiff's actual loss, if any.

### EIGHTH AFFIRMATIVE DEFENSE

36.    To the extent the Defendant has a repurchase obligation under the Distribution Agreement, that obligation does not extend to merchandise that the Plaintiff has scratched, damaged or otherwise failed to care for properly.

#4784274 v1 \022519 \0003

## NINTH AFFIRMATIVE DEFENSE

37.    At Plaintiff's request, Defendant accepted the return of older products not subject to the Distribution Agreement, and replaced such products with newer merchandise, and such newer merchandise delivered as a replacement at Plaintiff's request is not subject to any repurchase obligation under the Distribution Agreement.

## TENTH AFFIRMATIVE DEFENSE

38.    To the extent that Defendant has a repurchase obligation under the Distribution Agreement, a condition precedent to payment by Defendant is Plaintiff's delivery of any products subject to the Distribution Agreement to the Defendant in New York, in saleable condition and free of any liens or encumbrances.

## ELEVENTH AFFIRMATIVE DEFENSE

39.    Defendant reserves the right to assert and rely upon any and all other available defenses as may be developed through discovery and the evidence.

#4784274 v1 \022519 \0003

**WHEREFORE,** defendant, JACOB & COMPANY WATCHES, INC. demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
      March 17, 2014

                         MORRISON COHEN LLP

                         By: _____
                              Y. David Scharf
                              David A. Piedra
                              909 Third Avenue
                              New York, New York  10022
                              (212) 735-8600

                              *Attorneys for Defendant Jacob & Company Watches, Inc.*

TO:    Daniel L. Brown, Esq.
        Sheppard, Mullin, Richter & Hampton LLP
        30 Rockefeller Plaza
        New York, New York 10112
        (212) 634-3095

        *Attorneys for Plaintiff King Fook Jewellery Group Ltd.*

#4784274 v1 \022519 \0003