UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KING FOOK JEWELLERY GROUP LTD.,

                Plaintiff,

- against -

JACOB & COMPANY WATCHES INC.,

                Defendant.

**ORDER**

14 Civ. 00742 (ER)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: Oct. 3, 2019

RAMOS, D.J.:

      King Fook Jewellery Group Ltd. ("King Fook") brought this breach-of-contract action against Jacob & Company Watches Inc. ("Jacob"), alleging that Jacob, a jewelry and watch manufacturer and designer, breached its contractual obligation to repurchase unsold products from King Fook, Jacob's exclusive retailer in Hong Kong. Before the Court is the Report and Recommendation ("R&R") dated June 20, 2019 of Magistrate Judge James L. Cott, to whom this matter was referred for judicial review of Plaintiff's motion for attorney's fees. In the R&R, Magistrate Judge Cott recommends that King Fook be awarded $329,586.76 in attorney's fees and $19,448.10 in costs, for a total award of $349,034.86. Neither party has objected to the R&R. For the reasons stated herein, the Court ADOPTS the R&R.

    **I.  Background**

      On April 1, 2008, King Fook and Jacob entered into an Exclusive Retailer Distribution Agreement (the "2008 Agreement"), whereby King Fook was appointed the exclusive retailer in Hong Kong for certain of Jacob's products, including watches and associated products. Doc. 2 ¶ 7. The 2008 Agreement provided that if upon its expiration King Fook had any unsold Products, then Jacob was required to repurchase them at the amount originally paid by King Fook less a

restocking fee of 10%. *Id.* ¶ 15–16. But in March 2013, when King Fook sought to enforce the agreement, Jacob refused to fulfill its obligation. *Id.* ¶¶ 15–18.

On July 25, 2016, the Court granted King Fook's motion for summary judgment on the issue of Jacob's liability for breach of contract but denied King Fook's motion for summary judgment as to the amount of damages. Doc. 52. On March 13, 2019, following a bench trial on damages, the Court found that Jacob was liable to King Fook in the amount of $2,144,262.78 and for reasonable attorney's costs and fees. Doc. 111. However, the Court could not determine whether King Fook's requested attorneys' fees were "reasonable" pursuant to the 2008 Agreement, because the descriptions of services were redacted. *Id.* at 19. Thus, the Court referred the matter of attorney's costs and fees to Magistrate Judge Cott. *Id.*

On March 27, 2019, King Fook filed a motion requesting $559,336.00 in attorney's fees and $28,988.51 in costs, for a total award amount of $588,324.51. Doc. 116, 3. On April 10, 2019, Jacob opposed the motion arguing, *inter alia*, that these amounts were excessive and asked the Court to reduce them. Doc. 120. Additionally, Jacob filed an appeal of the Court's March 13, 2019 Opinion and Order, Doc. 111, the final Clerk's Judgment, Doc. 114, and all other orders, holdings, or rulings incorporated therein. Doc. 118.

On June 20, 2019, Judge Cott issued his R&R, recommending that King Fook be awarded $329,586.76 in attorney's fees and $19,448.10 in costs, for a total award of $349,034.86. Doc. 123. The R&R noted that objections, if any, were due within fourteen days of the parties receiving the R&R, and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id.* at 31–32. Over three months have passed since the R&R was issued on June 20, 2019, and neither the Plaintiff nor the Defendant have filed objections. They have therefore waived their right to object to the R&R. *See Dow Jones & Co.*

*v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008)). Furthermore, on September 6, 2019, the Clerk of the Court approved Jacob's stipulation to withdraw its appeal. Doc. 124.

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III. Conclusion

No party has objected to the R&R. The Court has reviewed Magistrate Judge Cott's thorough R&R and finds no error, clear or otherwise. Magistrate Judge Cott reached his determination after a careful review of the parties' submissions. Doc. 123. The Court therefore

ADOPTS Magistrate Judge Cott's recommended decision regarding the award of attorney's fees and costs for the reasons stated in the R&R. The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997)).

Accordingly, the Clerk of the Court is respectfully directed to terminate the motion, Doc. 115, and close the case.

It is SO ORDERED.

Dated: October 3, 2019
      New York, New York

                                          Edgardo Ramos, U.S.D.J.